1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JESSE R. TELLEZ,                          No.  2:  15-cv-0980 TLN KJN P

12                    Petitioner,

13         v.                                   FINDINGS & RECOMMENDATIONS

14    SCOTT FRAUENHEIM, et al.,

15                    Respondents.

16

17    I.  Introduction

18            Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas

19    corpus pursuant to 28 U.S.C. 2254.  Petitioner challenges his 2001 conviction for first degree

20    murder (Cal. Penal Code § 187), child endangerment (Cal. Penal Code § 273a(a)), and personal

21    use of a knife (Cal. Penal Code § 12022(b)(1)).  Petitioner is serving a sentence of 50 years to life

22    plus a consecutive determinate sentence of 18 years.

23            This action proceeds on the original petition filed April 28, 2015 pursuant to the mailbox

24    rule.  Petitioner raises the following claims:  1) jury instruction error (claims 1, 2); ineffective

25    assistance of counsel (claim 3); 3) insufficient evidence (claim 4); and 4) sentencing error (claim

26    5).

27            Pending before the court is respondent's motion to dismiss on grounds that this action is

28    barred by the statute of limitations.  (ECF No. 14.)  For the reasons stated herein, the undersigned

1  recommends that respondent's motion be granted.

2  II.  Discussion

3      A.  Statute of Limitations

4      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became

5  law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of

6  habeas corpus filed by state prisoners.  This statute of limitations provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

18  28 U.S.C. § 2244 (d)(1).

19      On December 19, 2012, the California Supreme Court denied petitioner's petition for

20  review.  (Respondent's Lodged Document 4.)  Petitioner's conviction became final 90 days later

21  on March 19, 2013.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (explaining that

22  a judgment becomes final upon the expiration of the 90–day period in which a petitioner may

23  seek certiorari from the United States Supreme Court, regardless of whether the petitioner

24  actually seeks such review).  Therefore, the one-year limitations period commenced the next day,

25  March 20, 2013, and expired one year later, on March 20, 2014.  See Patterson v. Stewart, 251

26  F.3d 1243, 1245–47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after

27  the triggering event pursuant to Fed.R.Civ.P. 6(a)).

28  ////

2

The instant action, filed April 28, 2015, is not timely unless petitioner is entitled to statutory or equitable tolling.

B.  Statutory Tolling

*Legal Standard*

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2).  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system.  536 U.S. 214, 216 (2002)

A habeas petition that is untimely under state law is not "properly filed."  Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).  Therefore, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period."  Curiel v. Miller,  830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing  Evans v. Chavis, 546 U.S. 189, 197 (2006).  "[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'"  Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Evans v. Chavis, 546 U.S. 189, 197–98 (2006)).

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely.  Carey v. Saffold, 536 U.S. at 222.  Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture...'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days."  Robinson, 795 F.3d at 929 (quoting Chavis, 546 U.S. at 199).  However, if a petitioner demonstrates good cause, California courts allow a longer delay.  Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780 (1998)).

////

3

1

*First State Habeas Petition*

2          Petitioner filed his first state habeas petition, pursuant to the mailbox rule, in the San

3    Joaquin County Superior Court on March 26, 2013.[1]  (Respondent's Lodged Document 5.)   The

4    Superior Court denied this petition on November 20, 2013.  (Respondent's Lodged Document 6.)

5    Respondent does not dispute that petitioner is entitled to statutory tolling for the 240 days this

6    petition was pending in the Superior Court, which extended the limitations period to November

7    15, 2014.

8          *Second State Habeas Petitions*

9          Petitioner filed his second state habeas petition in the California Court of Appeal on

10   August 14, 2014, i.e, 267 days after the Superior Court denied his first state habeas petition.[2]

11   (Respondent's Lodged Document 28.)  The California Court of Appeal denied this petition on

12   August 21, 2014 without comment or citation.

13         The petition filed in the California Court of Appeal is presumptively untimely because

14   petitioner waited 267 days to file it.  For this reason, petitioner is not entitled to statutory tolling

15   for the time this petition was pending in the California Court of Appeal or for interval tolling, i.e,

16   the time between when the Superior Court denied his first state petition and when he filed the

17   second state petition in the California Court of Appeal, unless he demonstrates good cause for the

18   delay.

19         In his opposition, petitioner argues that he waited to file his second state petition because

20   the jailhouse lawyer helping him told him that he had one year to file his petition in the Court of

21   Appeal after the Superior Court denied his first state habeas petition.  (ECF No. 17 at 3.)

22   However, in order to establish good cause for his failure to file a timely state habeas petition,

23

24   ───────────────
     [1]   The proof of service attached to the petition filed in the Superior Court contains the date March
25   19, 2013, as the date of service, which is crossed out and replaced with the date March 26, 2013.
     (Respondent's Lodged Document 5.)

26   [2]   The proof of service for the petition filed in the California Court of Appeal is August 13, 2013.
27   However, petitioner signed the petition on August 14, 2014.  Accordingly, the undersigned finds
     that the petition was mailed on the later date, i.e., August 14, 2014, for purposes of calculating the
28   filing date pursuant to the mailbox rule.

petitioner must demonstrate that he acted diligently in pursuing his claims.  See In re Robbins, 18 Cal.4th 770, 808-09 (1988).  Petitioner's decision to wait approximately nine months to file his petition in the California Court of Appeal, even if based on a misunderstanding that he had one year to file this petition, does not demonstrate diligence.  Accordingly, petitioner has not shown good cause for the delay in the filing of his second state petition.

*Third State Habeas Petition*

Petitioner filed his habeas corpus petition in the California Supreme Court on January 8, 2015, pursuant to the mailbox rule.  (Respondent's Lodged Document 9.)  This third state habeas petition has no tolling effect because the limitations period ended on November 15, 2014, i.e., when the Superior Court denied his first state petition.   See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

The instant petition, filed April 28, 2015, was filed after the limitations period ran on November 15, 2014.  Accordingly, the instant petition is not timely unless petitioner is entitled to equitable tolling.

C.  Equitable Tolling

A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010).  Both elements must be met.  Id. at 649-50 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence).  A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him.  Id.

The only ground raised by petitioner in support of a claim for equitable tolling is his claim that he relied on the incorrect advice from his jailhouse lawyer that he had one year to file his habeas petition in the California Court of Appeal.  As discussed above, even if petitioner relied on this advice, petitioner did not act diligently by waiting approximately nine months to file his petition in the California Court of Appeal.

////

Moreover, it is clear that poor advice from a jailhouse lawyer does not warrant equitable tolling of the statute of limitations.  See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (citation omitted) (holding that reliance on another inmate to prepare and file a habeas petition did not warrant equitable tolling); Diaz v. Knowles, 2009 WL 728567 (E.D. Cal. 2009) (no equitable tolling for poor advice given by jailhouse lawyer); United States v. Cicero, 214 F.3d 199, 204–05 (D.C. Cir. 2000) (no equitable tolling for jailhouse lawyer non-performance).  Accordingly, petitioner is not entitled to equitable tolling.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 7, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Tel980.157

6